**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EVELYN GRYK-FROLICH,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>Defendant. | **DOCKET NO.:**<br><br>**(State Court No.: HHD-CV-26-6234495-S**) |

**<u>NOTICE OF REMOVAL</u>**

Defendant, Safeco Insurance Company of Illinois ("Safeco"), hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the removal to this Court of the action commenced against it identified below, which is currently pending in the Superior Court for the Judicial District of Hartford, Connecticut. Removal is appropriate because there is complete diversity between all properly joined parties and the amount in controversy exceeds the sum or value of $75,000.00. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

**<u>THE ACTION</u>**

1. Safeco is named in a suit by Plaintiff Evelyn Gryk-Frolich ("Plaintiff") in the Superior Court for the Judicial District of Hartford, captioned *Evelyn Gryk-Frolich v. Safeco Insurance Company of Illinois*, Case No. HHD-CV-26-6234495-S (the "State Court Action"). *See* **Exhibit A** – *Complaint*.

2. On or about April 6, 2026, Plaintiff sent a formal demand for $475,000.00. *See* **Exhibit B** – *Demand Letter*.

3. According to the state court docket, Plaintiff filed the Complaint on or about November 3, 2026. *See* **Exhibit C** – *State Court Docket*.

4. On that same day, a Return of Service was filed, stating that State Marshal Lucia O'Toole had served the Complaint and Summons on Safeco on October 26, 2026. *See* **Exhibit D** – *Return of Service*.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

5. Removal is timely, as Safeco removed the State Court Action to this Court within the statutorily defined time period for removal. *See* 28 U.S.C. § 1446(b)(1) (requiring that removal take place "within 30 days after receipt by the defendant…of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"). Safeco was allegedly served with the Summons and Complaint on October 26, 2026.

6. Safeco has not filed any pleadings or papers in the State Court Action, and the time for Safeco to answer, move to dismiss, or otherwise respond to Plaintiff's Complaint has not expired. *See* Conn. Practice Bok Sec. 10-8 ("Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings shall advance within thirty days from the return day. . .").

7. The United States District Court for the District of Connecticut embraces the county in which the State Court Action was filed. Accordingly, venue is proper under 28 U.S.C. §§ 101 and 1446(a).

8. Pursuant to 28 U.S.C. § 1446(a), Safeco will file certified copies of all pleadings, records, orders and proceedings from the Superior Court for the Judicial District of Hartford with this Court. Contemporaneous with the filing of this Notice, Safeco will provide notice to Plaintiff

and the Superior Court for the Judicial District of Hartford of this Removal. *See* **Exhibit E –** *Notice of Filing of Notice of Removal*.

**STATEMENT OF STATUTORY BASIS FOR JURISDICTION**

9. This Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332 because the properly joined parties to this Action are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between…citizen of different states." 28 U.S.C. § 1332. This action satisfies both of these statutory requirements.

**A. The Parties properly joined in this Action are completely diverse.**

10. Plaintiff is a citizen of Connecticut with an address of 806 Vernon Street, Manchester, CT 06042. *See* Ex. A, p. 3.

11. Defendant Safeco is a corporation incorporated in the State of Illinois with a principal place of business at 175 Berkeley Street, Boston, MA 02116. Accordingly for purposes of a diversity of citizenship analysis, Safeco is a citizen of Massachusetts and Illinois. *See* 28 U.S.C. 1332(c) (stating that a corporation is deemed to be a citizen of the state in which it is incorporated or in which it maintains its principal place of business).

12. Because Plaintiff is a citizen of Connecticut and Safeco is a citizen of Massachusetts and Illinois, complete diversity of citizenship exists between the parties.

**B. The amount in controversy exceeds $75,000.00.**

13. In calculating the amount in controversy, the Court should consider the total amount of monetary relief that the Plaintiff seeks to recover, or the financial impact the relief sought would

have on the Defendants. *See Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975) ("We agree with appellee that the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation."). Further, "if the pleadings are inconclusive, then the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010), *citing United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).

14. In the Complaint, Plaintiff seeks compensatory and punitive damages as well as double and treble damages pursuant to § 42-110g(a). These claims, based on the provisions of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA), are substantial and place the amount in controversy over the threshold of $75,000.

15. Further, Plaintiff previously demanded $475,000.00 on April 6, 2026. As such, the amount in controversy requirement for diversity jurisdiction is satisfied, in accordance with 28 U.S.C. § 1332.

## **CONCLUSION**

16. Based on the foregoing, the statutory requirements of 28 U.S.C. § 1332 are satisfied. Accordingly, this Court has jurisdiction over this Action.

17. If any questions arise as to the propriety of the removal of this matter, Safeco requests the opportunity to submit briefs and be heard at oral argument in support of its position that removal is proper.

18. WHEREFORE, Safeco respectfully requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the Superior Court for the Judicial District of Hartford.

Respectfully Submitted,

Safeco Insurance Company of Illinois,

By its attorney,

*/s/ Kevin P. Polansky*

Kevin P. Polansky, Esq. (Bar No. 434359)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
Tel. (617) 217-4700
Fax. (617) 217-4710

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2026, a copy of the foregoing was electronically filed via CM/ECF and served pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut on the following parties and their counsel:

*Attorneys for Plaintiff*

Anthony W. Pignatiello (Juris No. 405909)
Leighton, Katz & Drapeau, LLC
736 Deming Street
South Windsor, CT 06074

*/s/ Kevin P. Polansky*
Kevin P. Polansky